

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2005

# Msyati v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3131

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Msyati v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1010.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1010

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NON PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3131

_____

GEORG MSYATI,

Petitioner,

v.

ALBERTO R. GONZALES,[*]
Attorney General of the United States,

Respondent

Pursuant to F.R.A.P. 43(c)

_____

Petition for Review
from the Board of Immigration Appeals
(Agency No. A79 142 162)

_____

Submitted under Third Circuit Rule LAR 34.1(a)
June 10, 2005

Before: AMBRO, VAN ANTWERPEN, and TASHIMA,[**] <u>Circuit Judges</u>

_____

[*]     Alberto R. Gonzales is substituted for his predecessor, John Ashcroft,
as Attorney General, pursuant to Fed. R. App. P. 43(c)(2).

[**]     Honorable A. Wallace Tashima, Senior United States Circuit Judge
for the Ninth Circuit, sitting by designation.

_____

OPINION

_____

TASHIMA, <u>Senior Circuit Judge</u>

Georg Msyati petitions for review of a final order of removal of the Board of Immigration Appeals ("BIA").  Petitioner raises two contentions in support of his petition: (1) that he was denied a fair hearing when the Immigration Judge ("IJ") advanced his hearing date by four months; and (2) that substantial evidence does not support the BIA's determination that petitioner has failed to carry his burden of showing that he has a well-founded fear of persecution on account of a statutorily protected ground.  We have jurisdiction under 8 U.S.C. § 1105(a), and we deny the petition.

## I.

As a threshold matter, the government challenges our jurisdiction to review petitioner's asylum claim.  The BIA held that petitioner failed to file his asylum application "within one year of last entry, and failed to show either extraordinary circumstances relating to the delay or worsened country conditions."  (Citing 8 U.S.C. § 1158(a)(2); 8 C.F.R. § 1208.4(a).)  Petitioner does not challenge this holding and we agree that we lack jurisdiction to review the asylum claim.  *See*

*Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003) ("We agree that the language of 8 U.S.C. § 1158(a)(3) clearly deprives us of jurisdiction to review an IJ's determination that an asylum petition was not filed within the one year limitations period, and that such period was not tolled by extraordinary circumstances.").

II.

With respect to petitioner's withholding of removal and Convention Against Totrure ("CAT") claims, petitioner, who was represented by counsel, made no showing before the BIA of how he was prejudiced by the alleged lack of sufficient time to present his case to the IJ when his hearing date was advanced four months. He neither requested a continuance, advised the BIA of what additional evidence he would have presented if given more time, nor made a motion to remand before the BIA, citing any new or additional evidence. We therefore conclude that petitioner's "fair hearing" claim is without merit.

As for the substance of petitioner's withholding of removal and CAT claims, we have carefully reviewed the administrative record and conclude that the BIA's determination that petitioner has failed to establish persecution "on account of" one of the five grounds recognized by the Immigration and Nationality Act is supported by substantial evidence. *See Fatin v. INS*, 12 F.3d 1233, 1241-43 (3d

-3-

Cir. 1993) (withholding of removal); *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d

Cir. 2000) (CAT claim).

III.

The petition for review is dismissed with respect to the asylum claim;

otherwise, the petition is denied.[1]

_____

_____

[1] Because we have given plenary consideration to this petition for review, respondent's motion for summary affirmance is denied as moot.